UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

United States of America

Case No. 6:04-cr-51-Orl-22DAB

v.

Cedric Culpepper.

_____

**RESPONSE BY DEFENDANT REQUESTING APPLICATION OF AMENDMENT 706 (CRACK RETROACTIVITY) TO DEFENDANT'S SENTENCE, AND MOTION FOR REDUCTION OF SENTENCE**

Defendant, through his undersigned counsel, responds to this Court's Order regarding whether he is eligible for retroactive resentencing due to the reduction in the offense levels for cocaine base (crack) and asserts that he is indeed eligible, despite being sentenced as a career offender.

On July 14, 2004, Defendant pled guilty to two counts of an indictment charging Possession with Intent to Distribute Cocaine Base and Possession with Intent to Distribute five grams or more of Cocaine Base.

The Defendant's base offense level, according to the PSR (Presentence Report) was 28. However, due to enhancements set out in USSG Section 4B1.1 (career offender) his enhanced offense level was 34. PSR pg. 4. He received a three level deduction for acceptance of responsibility, making his enhanced offense level 31. PSR pg. 4. His criminal history category was VI, due to his classification as a career offender. His guideline range was 188-235 months. PSR pg. 15. He was sentenced to 188 months and four years of supervised release as a career offender.

Subsequent to Defendant's sentence, the United States Sentencing Commission adopted Amendment 706 which lowered the offense level for cocaine base. In

December, 2007, The Commission made the amendment retroactive, and Defendant now seeks application of the amendment to his sentence.

At first glance, It appears that due to Mr. Culpepper's (Defendant's) sentence as a career offender he is not eligible for a reduction in sentence.  <u>United States v. Thomas</u> No. 08-1829 (8th Cir. 5/8/2008).  "A career offender's base offense level is determined under USSG Section 4B1.1 based on the statutory maximum sentence applicable to the defendant's present offense of conviction when that offense level is higher than the offense level resulting from the otherwise applicable guidelines calculation.  Mr. Thomas (defendant) was sentenced as a career offender, and his sentencing range was therefore determined by Section 4B1.1, not by Section 2D1.1.  Although the Sentencing Commission lowered the offense levels in USSG Section 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG Section 4B1.1, which is what set Thomas's sentencing range.   Mr. Thomas has therefore not met the eligibility requirements for a reduction in his sentence."  <u>Id</u>.

See also, <u>United States v. Clay</u>, No. 07-3050 (8th Cir. 5/7/2008), wherein the defendant sought application of Amendment 706 but was sentenced as a career offender.  The Court in the <u>Clay</u> decision stated that "[a]lthough the recent amendments to the sentencing guidelines lowered the offense levels associated with crack in the drug quantity table in USSG Section 2D1.1, they did not change the career offender provision in Section 4B1.1…"  <u>Id</u>.

While it appears that the instant Defendant cannot benefit from the crack retroactivity amendment, his situation merits closer scrutiny.  First, despite being sentenced as a career offender, Section 3582(c)(2) states that a defendant who has been sentenced to a

term of imprisonment may have his sentence reduced if his sentencing range has been lowered by the Sentencing Commission after the court considers the factors set forth in Section 3553(a) (factors to be considered in imposing a sentence) "*if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*"

While the Sentencing Commission has declined to give the career offender classification the same benefit of crack retroactivity sentencing, the fact that it has instituted a retroactive sentence reduction for crack offenses demonstrates that resentencing a defendant convicted of a crack offense (even a "career offender") is consistent with the Commission's position that at least some crack offenders warrant resentencing. Stated another way, allowing some crack offenders the benefit of resentencing while denying it to others cannot be reconciled with the Commission's policy that retroactive sentencing should be applied to crack defendants primarily because of the inherent unfairness of the original crack guidelines.

This is especially true in Defendant's case, wherein his three qualifying offenses for the career offender classification were also crack offenses. Defendant's PSR shows that he was convicted in 1993 for cocaine base (crack), and twice in 1995 for cocaine base. Defendant was between the ages of 22 and 25 when convicted on these charges, which were "delivery" offenses, not "trafficking" offenses. While USSG Sec. 4B1.1 classifies career offenders based on prior drug convictions, the fact of Defendant being classified as a career offender unable to benefit from crack retroactivity sentencing because of prior crack offenses defeats the purpose of the Commission's attempt to inject a modicum of fairness into crack sentences.

It has been held that USSG Sec. 4B1.1, standing alone, does not violate Due

Process (<u>U.S. v. Brant</u>, 62 F.3d 367 (11th Cir. 1995). In that case, the Court stated, "[A]lthough this Court has not specifically addressed USSG Sec. 4B1.1, we have held that a similar provision, Section 4B1.4 (armed career criminal) violates neither due process nor equal protection." However, in the instant case, if Defendant is disallowed the benefit of crack retroactivity sentencing because of what can be considered a semi-arbitrary classification of career offender which is based on crack offenses piled on top of crack offenses piled on top of a guideline crack sentence with no hope of reprieve despite the crack/powder sentencing disparity, Defendant is denied due process because he is not allowed to benefit from a law that applies to others who are similarly situated.

Amendment 706 was adopted because "[A] number of judges scholars, and even prosecutors, not to mention the U.S. Sentencing Commission believe that the punishment for crimes involving crack cocaine is indeed unreasonably disproportionate to the punishment for crimes involving other forms of cocaine." <u>U.S. v. Spencer</u>, 160 F.3d 413 (Illinois Constitution cannot truncate power of Congress by preempting federal legislation and cannot be used to curtail crack/powder sentencing disparity.)

Taken as a whole, Defendant's individual circumstances as a career offender due to crack convictions vis-à-vis the pressing need for reductions of crack sentences and the due process and equal protection violations inherent in allowing some crack offenders retroactive reductions while denying reductions to others warrants a reduction in Defendant's sentence.

**WHEREFORE**, Defendant prays this court to apply Amendment 706 to his sentence and reduce his sentence accordingly.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided to Katherine Ho, Assistant United States Attorney, 501 West Church St. Ste. 300 Orlando, FL, through the Court's CM/ECF system and also a copy has been furnished by U.S. Mail to Defendant Cedric Culpepper, P.O. Box 4000, Springfield, MO, 65801.

*/s/ Scott Harrison*
A. Scott Harrison
Attorney at Law
1801 Lee Road, Suite 360
Winter Park, FL  32789
FBN 0073806
*scott@harrisonlaw.net*